Thomas M. McGreal (State Bar No. 3795)
MANDARICH LAW GROUP LLP
9200 Oakdale Avenue, Suite 601
Chatsworth, CA 91311
(877) 414-0130, ext. 3329 Telephone
(818) 888-1260 Facsimile

Attorney for Defendants
CACH, LLC
MANDARICH LAW GROUP, LLP
DAVID N. MATSUMIYA
TREVOR OZAWA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARIA SNYDER, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>CACH, LLC, MANDARICH LAW GROUP, LLP, DAVID N. MATSUMIYA, and TREVOR OZAWA,<br><br>    Defendants. | CASE NO.:<br>CV 16-00174-HG-KSC<br><br>**DEFENDANT CACH'S MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS; EXHIBITS "A";** |

**DEFENDANT CACH'S MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND <u>DISMISS CLAIMS</u>**

**I.
INTRODUCTION**

This case arises from Defendants' CACH and Mandarich Law Group's attempts to collect on Plaintiff's debt. Prior to this action, on or about October 14, 2005, Plaintiff opened a credit account with MBNA with an original account number ending in 4170. *See*, Exhibit A, Affidavit of Bank of America, ¶3 FIA Card Services, N.A.[1], successor in interest by merger to MBNA, sold, transferred and set over the Account and underlying Agreement on the Account to CACH, LLC ("CACH"). See, Livits Decl. re Case No. CV 16-00174, ¶ 8, Exhibit 2, Page 27-29. That Agreement provides, in relevant part:

ARBITRATION AND LITIGATION: . . .

Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration Section or the validity of the entire agreement or any prior Agreement, shall be resolved by binding arbitration.

. . .

THE RESULT OF THIS ARBITRATION AGREEMENT IS THAT, EXCEPT AS PROVIDED ABOVE CLAIMS CANNOT BE LITIGATED IN COURT, INCLUDING SOME CLAIMS THAT COULD HAVE BEEN TRIED BEFORE A JURY, AS CLASS ACTIONS OR AS PRIVATE ATTORNEY GENERAL ACTIONS.

---

[1] MBNA, an acronym for Maryland National Bank, N.A.. FIA Card Services is also successor in interest to MBNA as described in footnote 1. *See also, Chiang v. Bank of Am.*, 2011 U.S. Dist. LEXIS 26082 (D. Mass. Mar. 11, 2011) (explaining corporate history of MBNA and FIA).

According to Plaintiff, Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), and Hawai'i Revised Statute §480. Plaintiff has brought the federal action, however, before the wrong trier of fact. Importantly, the card member agreement provides that this action is subject to mandatory arbitration. *See*, "). See, Livits Decl. re Case No. CV 16-00174, ¶ 8, Exhibit 2, Page 27-29. As such, pursuant to the Federal Arbitration Act, this Court should compel Ms. Snyder to resolve her claims through arbitration.

## III.
## ARGUMENT

### A. Ms. Snyder's Claims are Subject to Binding Arbitration Under the Credit Card Account Agreement

The Federal Arbitration Act ("FAA") applies to the enforcement of arbitration provisions in contracts "involving commerce." 9 U.S.C. § 2; *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "The overarching purpose of the FAA … is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1720, 1748 (2011). The FAA reflects "both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Id.* (internal citations and quotations omitted) "[Q]uestions of arbitrability must be addressed

with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

"Parties may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to limit with whom a party will arbitration its disputes." *AT&T Mobility*, 131 S. Ct. at 1743 (internal citations omitted). The court must compel arbitration upon motion by a party to an arbitration agreement. 9 U.S.C. § 4. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original); 9 U.S.C. §§ 3, 4. "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp.*, 207 F.3d at 1130. State contract law governs the interpretation of arbitration agreements, *see*, *e.g.*, *Farrow v. Fujitsu Am., Inc.*, 37 F. Supp. 3d 1115, 2014 WL 1396412, at *3 (N.D. Cal. 2014), and federal courts must apply the choice of law rules of the forum state. *Davis v. CACH, LLC*, 2015 U.S. Dist. LEXIS 25088 (N.D. Cal. Mar. 2, 2015).

1.   **Under Delaware Law, the Arbitration Agreement is Valid**

Delaware also has a strong public policy favoring arbitration and as such, doubts on the issue of whether a particular issue is arbitrable will be resolved in favor of arbitration. *LG Elecs., Inc. v. InterDigital Communs., Inc.*, 114 A.3d 1246 (Del. 2015). Here, the account agreement provides that any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration Section or the validity of the entire agreement or any prior Agreement, shall be resolved by binding arbitration.

These terms are not "one-sided" because both parties' claims, and not just one, are subject to the clause. The Agreement also provides a convenient venue for the arbitration as it is to be conducted in the jurisdiction in which the consumer's billing address is located. Also, the Agreement provides that the consumer will in no event be required to reimburse for any arbitration filing, administrative or hearing fees in excess of the amount of what court costs would have been if the claim had been resolved in a court. The agreement also provides for the advancement of any filing and hearing fees. Thus, there is nothing in the

clause to suggest that account agreement is contrary to the state law which governs it.

### 2. Ms. Synder's Claims Relative to the Account Fall Within the Scope of the Arbitration Agreement.

This action falls within the scope of the arbitration agreement. A claim generally falls within the scope of an arbitration agreement as long as it may be said with positive assurance that the clause is not susceptible of an interpretation that covers the dispute. *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582, 583; *Accord AT&T Technologies, Inc. v. Comm'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Here, the clause specifically defines the claims that are subject to arbitration as ""any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating on any way to this Agreement or any prior Agreement and your account. . ." The instant action specifically involves a dispute between CACH, a successor in interest to Bank of America, N.A., its attorney agents (Mandarich Law Group, LLP and the individual defendants), and Plaintiff. Further, the action "arises out of…this Agreement" in that Ms. Synder complains of wrongdoing in the collection of the balance on the account. Specifically, she complains "Defendants [CACH and Mandarich Law Group] misled Ms. Snyder as to what amount of money she owes on this account." *See* D.E. 1, Plaintiff's Complaint, ¶156. According to Plaintiff Defendants demanded interest that it was

not entitled to at rates not authorized by agreement or law, in violation of the FDCPA. Plaintiff's Complaint ¶141. Plaintiff further alleges that Defendants made false representations as to the amount of money Plaintiff owed on the account in violation of Haw. Rev. Stat. §443B-18. Plaintiff's Complaint ¶ 155. Clearly, her allegations constitute a dispute, claim, or controversy between CACH, LLC, as successor in interest to Bank of America, N.A., and its agents that has arisen from the Account. Accordingly, this matter properly falls under the arbitration clause.

### 3. CACH is Entitled to Invoke the Arbitration Clause Relative to Account 2.

Under Delaware law, an assignee also "stands in the shoes of the assignor" relative to a parties' contractual obligations. *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 Del. Ch. LEXIS 22 (Del. Ch. Jan. 27, 2010).  Thus, CACH, LLC has the same rights as the original creditor, MBNA, relative to Agreement 2. Agreement 2 provides that "we" and "us" means "MBNA America Bank, N.A., its parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any purchaser of your account, and all of their officers, directors, employees, agents and assigns or any of them" and specifically includes "debt collectors and all of their officers, directors, employees and agents". *See*, Livits Decl. re Case No. CV 16-00174, Exhibit 2 at P. 29. Thus, CACH, LLC, as an assign, and its agents, who have also been sued herein, can all compel arbitration according to the plain language of Agreement 2.

### B. This Action Must Be Dismissed

Where a court determines that arbitration is proper under the FAA, it properly dismisses a claim without prejudice to allow the arbitration to occur. *Cummings-Reed v. United Health Group*, 2016 U.S. Dist. LEXIS 58325 (E.D. Cal. Apr. 29, 2016). Here, as argued *supra,* arbitration is proper and thus, this Court may properly dismiss Plaintiff's claims to allow the parties to arbitrate as contemplated by the Agreement.

Dated:  July 5, 2016            MANDARICH LAW GROUP, LLP

                                By     /s/Thomas M. McGreal
                                Attorney for Defendants
                                CACH, LLC